**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BARRY JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-927 RLW |
| | ) | |
| TSG ENTERTAINMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Self-represented plaintiff Barry Jackson brings this action for alleged copyright infringement against defendant TSG Entertainment. The matter is now before the Court on several motions filed by plaintiff. First, plaintiff seeks leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. Second, plaintiff seeks appointment of counsel in this civil matter. Third, plaintiff seeks a motion stating that defendant is violating a federal criminal computer fraud and abuse statute. Finally, plaintiff seeks additional time to file documents from the U.S. Copyright Office.

Having reviewed the motion to proceed *in forma pauperis* and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1).  However, after reviewing the complaint, the Court finds that plaintiff's allegations fail to state a claim on which relief may be granted and are frivolous and malicious. As such, this matter will be dismissed under 28 U.S.C. § 1915(e)(2)(B) and plaintiff's other pending motions will be denied as moot.

I.      **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327).  Allegations are "clearly

baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken with the intent to harass or if it is part of a longstanding pattern of abusive and repetitious lawsuits. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (discussing that when determining whether an action is malicious, the Court need not consider only the complaint before it but may consider the plaintiff's other litigious conduct).

## II.    Plaintiff's Filings

### The Complaint

Self-represented plaintiff Barry Jackson brings this civil action against defendant TSG Entertainment, a production corporation located in New York. Plaintiff describes himself as "CEO of Superscripts Ent.," a writer, and a citizen of the Missouri. He labels his suit as an "intellectual copyrights infringement"[1] and states that his "script, copyrights … are the issue in this case." However, the factual allegations of plaintiff's infringement claim are not clear from the details provided in the complaint.

According to plaintiff's "Statement of Claim," TSG Entertainment stole plaintiff's screenplay/script for "Extricate," without providing plaintiff compensation. Plaintiff further alleges that TSG took his script and made the movie *X-men* with it. He asserts that TSG "cyber

---

[1]Similarly, on the Civil Cover Sheet filed along with the complaint in this matter, plaintiff specified copyright as the nature of suit and "intellectual properties" as the cause of action.

attacked" him in order to discredit him.  As a result of defendant's actions, plaintiff has "suffered poverty" and he has been "hacked."

On the form complaint section for "Amount in Controversy," plaintiff provides some additional information related to his claim:

> My writing coach said send it to him, I sent it to him, he said it was crap! Then TSG Entertainment made the X-men movie that sold billions of dollars. TSG Entertainment owes, I Barry Jackson 80 Million dollars.

For relief, plaintiff wants "justice" from the Court and several million dollars from defendant TSG.  Plaintiff states that TSG and a non-party "took my privacy and cyber attacked me 24 hrs a day."

#### Motion for Appointment of Counsel

Along with his complaint in this matter, Plaintiff filed a form motion for appointment of counsel, stating that he is unable to pay a reasonable attorney fee and that he has made diligent efforts to obtain legal counsel.

#### Motion for Extension of Time

On August 5, 2021, Plaintiff filed a "Motion for Seeking Time for Extensions."  Plaintiff seeks an extension under Federal Rule of Civil Procedure 6 because the "U.S. States Copyrights Office is giving [him] a hard time in releasing [his] copyrights."  The Court is not currently waiting for any mandatory filing from plaintiff.  Presumably, plaintiff seeks an extension of time to file a copy of something from the U.S. Copyright Office to supplement his complaint.

### III.   Plaintiff's Other Relevant Litigation

A review of records from this Court shows that Plaintiff Barry Jackson filed a similar civil case a few weeks after this one, alleging copyright infringement against Universal, a California corporation. *See Jackson v. Universal*, No. 4:21-CV-854 PLC (E.D. Mo. 2021).  In his complaint in that matter, plaintiff alleges that his script "Iron Queen" was stolen.

In addition, independent review of Missouri Case.net, the State of Missouri's online docketing system, shows that plaintiff has been an active litigator in state court in the past few years.  For example, in 2019, plaintiff sued the founder of Facebook, Mark Zuckerberg; the founder of Twitter, Jack Dorsey; and the founder of YouTube, Chad Hurley. *Jackson v. Zuckerberg*, No. 1922-CC00618 (22nd Jud. Cir. Mar. 22, 2019).  In that case, defendant Zuckerberg's motion to dismiss for lack of personal jurisdiction and for failure to state a claim was granted by the Court. At the hearing on the motion to dismiss in September 2019, the state court judge found plaintiff in civil contempt of Court for cursing at him multiple times in open court.  The remaining claims in the case were eventually dismissed for failure to prosecute after plaintiff failed to serve the other defendants named in the matter.

Also in 2019, Plaintiff filed a suit alleging defendant Warner Brothers Films stole his script for "Iron Queen" off of his laptop and used it to make the movie "Harriet." *Jackson v. Warner Brothers Films*, No. 1922-CC11738 (22nd Jud. Cir., State of Mo., Oct. 15, 2019).  Defendant Warner Brothers filed a motion to dismiss, arguing that plaintiff's allegations were frivolous and failed to state claim.  Defendant also clarified that it did not produce the film "Harriet."  The state court granted Defendant's motion and dismissed the matter in March of 2020.

In 2020, plaintiff filed four state-court actions alleging copyright infringement, two of which were against defendant Universal Studios.  A few months before the dismissal of the 2019 copyright suit against defendant Warner Brothers, plaintiff filed a new suit alleging that he wrote the screenplay "Iron Queen" and that Universal Studios hacked his laptop and took the script. *Jackson v. Universal Studio*,[2] No. 20SL-CC00357 (21st Jud. Cir., State of Mo., Jan. 21, 2020). Plaintiff alleged that Universal Studios offered him "a bag of money at the Library on 367" but

---

[2]Although Plaintiff named the defendant "Universal Studio" in the caption of his petition, in the allegations of his filings, he names defendant as "Universal Studios."

that he declined because he is a "Freelance writer" and he does not "do Long Term contracts." Plaintiff states that in January 2020, Universal's movie was currently in the theaters making "44,000,000."  According to plaintiff, Universal stole his script and they had no agreement or contract.  After the filing of the petition in the matter, the state court denied plaintiff *in forma pauperis* status, finding that plaintiff failed to establish that he was a poor person.  The court gave plaintiff twenty (20) days to pay the filing fee.  After plaintiff failed to pay, the case was dismissed without prejudice on June 10, 2020.

Two months after that dismissal, plaintiff filed a second case against defendant Universal Studios with the same allegations involving his script "Iron Queen." *Jackson v. Universal Studios*, No. 20SL-CC03946 (21st Jud. Cir., State of Mo., Aug. 7, 2020). Plaintiff adds a little more detail to his assertions in the petition, including that Universal took the script from his laptop, rearranged it, and then used it for the script of "Harriet," which plaintiff states was nominated for a Grammy. According to the court record, the summons was mailed to plaintiff in August 2020, along with instructions for service outside of St. Louis County.  Nothing further appears to have happened in this matter and it is still pending in state court.

Plaintiff filed two other copyright actions in 2020 in state court.  In one, plaintiff alleged defendant "Paramount Films" stole his script to make the movie "X-men Apaculpse [sic]." *Jackson v. Paramount Films*, No. 20SL-CC00358 (21st Jud. Cir., State of Mo., Jan. 21, 2020). According to plaintiff, Paramount made five billion from the movie and didn't give plaintiff a "honey bun."  The state court denied plaintiff *in forma pauperis* status in that case and eventually dismissed it when plaintiff failed to pay the filing fee.  In the second matter, plaintiff alleged that defendant "Twenty Century Fox ENT" stole his script "Extricate," made billions of dollars from it, and did not give him a "dime." *Jackson v. Twenty Century Fox Ent.*, No. 20SL-CC02655 (21st

Jud. Cir., State of Mo., May 7, 2020).  It appears that plaintiff is still trying to serve the defendant and the matter is still pending in state court.

## IV.    Discussion

Based on a careful review and liberal construction of the filings before the Court, it appears that plaintiff is attempting to assert a claim of copyright infringement against defendant TSG Entertainment.  As discussed below, however, the allegations of the complaint are insufficient to state such a claim. In addition, plaintiff's assertions are factually frivolous as they lack an arguable basis in either law or in fact.  Finally, it is clear from plaintiff's litigation history that he has a pattern of filing similar suits against defendant filmmakers over the past few years.  Of the cases that have addressed the merits of plaintiff's allegations, all have been dismissed.  For all of these reasons, this case is subject to dismissal for failure to state a claim, frivolity, and maliciousness.

"To prevail on [a] copyright infringement claim, [a plaintiff] must prove ownership of a valid copyright and copying of original elements of the work." *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 962-63 (8th Cir. 2005) (internal quotations and citation omitted). A plaintiff may establish the "copying" element by presenting direct evidence, or by showing that the defendant had access to the copyrighted materials, and that a substantial similarity exists between the alleged infringing materials and the copyrighted materials.  *Id.* at 964.

In this case, the factual assertions of the complaint fail to sufficiently allege any of the required elements of a copyright infringement claim.  First, plaintiff fails to allege ownership of a valid copyright. Plaintiff states that his script "Extricate" was stolen by defendant TSG Entertainment. Plaintiff makes no assertion in his complaint that he owns a valid copyright for "Extricate."

Even if the Court liberally construes plaintiff's supplemental filing of U.S. Copyright webpage printouts (ECF No. 7) as an assertion of copyright ownership, these documents are

insufficient.  According to the printouts, Plaintiff registered a work titled "Part 1 Iron Queen (1-30) and 3 Other Unpublished Works, including "Extricate."[3]  Additionally, there is no indication that plaintiff has a valid copyright for the "Extricate" script, or that this script is in any way connected to the *X-men* movie. *See Warner Bros. Ent. v. X One X Prods.*, 644 F.3d 584, 591 (8th Cir. 2011) (plaintiff has burden of proving ownership of a valid copyright).

Second, plaintiff fails to sufficiently allege that his work was copied.  Plaintiff alleges that defendant TSG Entertainment stole his script by unspecified means. Plaintiff provides no facts to support this conclusory allegation. Even if the Court were to accept this baseless allegation as establishing that defendant TSG Entertainment had access to plaintiff's script, it is unclear whether plaintiff is asserting that *X-men* is a direct copy of his script or if he is asserting substantial similarity between the works.  Plaintiff provides no direct factual allegations of copying or argument as to how his script is substantially similar to that of the movie *X-men*.  Plaintiff has not provided a copy of his alleged "Extricate" script to the Court, nor has he provided the *X-men* script for comparison.  In sum, the complaint is devoid of factual allegations to support the element of copying.  As such, the Court finds that there are insufficient assertions in plaintiff's complaint to state a claim for copyright infringement against defendant TSG Entertainment.

This action is also subject to dismissal as factually frivolous because plaintiff's allegations lack an arguable basis in either law or in fact. In the complaint, plaintiff alleges he is entitled to recover millions of dollars for a script that he asserts was stolen from him by a large, out-of-state production company without his consent or agreement.

Plaintiff asserts that he wrote the script for the blockbuster movie *X-men*. He provides no factual basis to support any of his fanciful allegations. Plaintiff's eighty million dollar demand and

---

[3]The Court also notes that the printout filed by plaintiff states he registered his work in February 2020.  ECF No. 7 at 1.  However, according to plaintiff's filings in state court, as well as *X-men*'s public data, the copyrighted movie *X-men* was already released in theaters and earning profits by July 2000.

his infringement allegations rise to the level of the irrational or wholly incredible.  The Court finds plaintiff's allegations and requested relief "clearly baseless" under the standard articulated in *Denton.*  504 U.S. 25, 32-33 (1992).  Therefore, this case is also subject to dismissal for frivolity.

Finally, this action is also subject to dismissal as malicious. This is the third lawsuit plaintiff has filed within the past year relating to these allegations. As noted above, in 2020, plaintiff filed two other copyright actions in 2020 in state court asserting that Twentieth Century Fox and Paramount Films stole his script to make the *X-men* film. *See Jackson v. Paramount Films*, No. 20SL-CC00358 (21st Jud. Cir. Jan. 21, 2020); *Jackson v. Twenty Century Fox Ent.*, No. 20SL-CC02655 (21st Jud. Cir. May 7, 2020).

The conclusory allegations in all of the other cases are essentially the same as the ones plaintiff makes in this case.  Plaintiff provides no factual support for any of his claims.  It appears this action is part of an attempt to harass these defendants by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right.  *See Tyler*, 839 F.2d at 1292-93 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-64 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right).  Further, when the Court also considers the copyright suits brought by plaintiff against other defendants, there is a definite pattern of malicious litigation.  *See Cochran*, 73 F.3d at 1316 (discussing that when determining whether an action is malicious, the Court need not consider only the complaint before it but may consider the plaintiff's other litigious conduct).

## V.  Conclusion

For all of the reasons discussed above, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted, and because it is frivolous and/or malicious.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant TSG Entertainment because the complaint fails to state a claim upon which relief can be granted and is frivolous and/or malicious. Plaintiff's claims against defendant TSG Entertainment are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time [ECF No. 5] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion to hold defendant liable for computer fraud and abuse [ECF No. 6] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of October, 2021.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**